UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Samuel Dickson,<br><br>    Plaintiff,<br>v.<br><br>Redline Recovery Services LLC; and DOES 1-10, inclusive,<br><br>    Defendant. | Civil Action No.: 5:09-cv-1179<br>(NPM/GHL)<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Samuel Dickson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collections Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendant and its agents in his illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Samuel Dickson ("Plaintiff"), is an adult individual residing at 829 Fyler Rd, Kirkville, NY, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Redline Recovery Services LLC ("Redline"), is a Georgia limited liability company with an address of Redline Recovery Services, LLC, 11675 Rainwater Drive,

Suite 350, Alpharetta, GA 30009, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Redline and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Redline at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. **The Debt**

8. A financial obligation (the "Debt") was incurred that was primarily for family, personal or household purposes, and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

9. The Debt was purchased, assigned or transferred to Redline for collection, or Redline was employed to collect the Debt.

10. The Defendants' attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **Redline Engages in Harassment and Abusive Tactics**

11. Defendants' contacted Plaintiff's ex-girlfriend of seven years and communicated to her that Plaintiff owed a debt.

12. Defendants' contacted Plaintiff's current girlfriend and asked for personal information about the Plaintiff.

13. Defendants' contacted made constant telephone calls to the Plaintiff, placing calls

two to three times per day.

### C. **Plaintiff Suffered Actual Damages**

14. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community

## COUNT I
## VIOLATIONS OF THE FDCPA
## 15 U.S.C. § 1692, *et seq.*

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Defendants' conduct violated 15 U.S.C. § 1692b(2) in that they informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt.

19. The Defendants' conduct violated 15 U.S.C. § 1692b(3) in that they contacted third parties in regards to the Plaintiff's debt on numerous occasions, without being asked to do so.

20. The Defendants' conduct violated 15 U.S.C. § 1692c(b) in that Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau.

21. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass.

22. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(1) in that Defendants failed to send the Plaintiff a validation notice stating the amount of the debt.

23. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(2) in that Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed.

24. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(3) in that Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days.

25. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(4) in that Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff.

26. The Defendants' conduct violated 15 U.S.C. § 1692g(a)(5) in that Defendants failed to send the Plaintiff a validation notice containing the name and address of the original creditor.

27. The Defendants' conduct violated 15 U.S.C. § 1692g(b) in that Defendants continued collection efforts even though the debt had not been validated.

28. The foregoing acts and omissions of the Defendant's constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

31. The acts, practices and conduct engaged in by the Defendants *vis-à-vis* the Plaintiff was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

32. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of New York.

33. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to imposition of punitive damages.

## COUNT III
### VIOLATIONS OF NEW YORK GBL § 349 - ENGAGING IN UNLAWFUL DECEPTIVE PRACTICES AND ACTS

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

35. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute "deceptive acts and practices" within the meaning of Article 22A of the General Business Law of the State of New York, NY GBL § 349.

36. The Defendants willfully and knowingly engaged in conduct constituting deceptive acts and practices in violation of NY GBL§ 349.

37. The Plaintiff has suffered and continues to suffer actual damages as a result of the

foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants.

38. By virtue of the foregoing, the Plaintiff is entitled to recover his actual damages, trebled, together with his reasonable attorneys' fees.

## COUNT IV
## COMMON LAW FRAUD

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

40. The acts, practices and conduct engaged in by the Defendants and complained of herein constitute fraud under the Common Law of the State of New York.

41. The Plaintiff has suffered and continues to suffer actual damages as a result of the foregoing acts and practices, including damages associated with, among other things, humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment caused by the Defendants. All acts of Defendants and the Collectors complained of herein were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be awarded in his favor and against the Defendants as follows:

1. Against the named Defendants, jointly and severally, awarding Plaintiff his actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

2. Against each of the named Defendants, awarding the Plaintiff statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. Against the named Defendants, jointly and severally, awarding the Plaintiff his actual damages, trebled, pursuant to NY GBL § 349;

4. Against the named Defendants, jointly and severally, awarding the Plaintiff recovery of his litigation costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

5. Against the named Defendants, jointly and severally, awarding Plaintiff punitive damages in such amount as is found appropriate; and

6. Granting Plaintiff such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 21, 2009

Respectfully submitted,

By _____

Sergei Lemberg (SL 6331)
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (877) 795-3666
Attorneys for Plaintiff